**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

|  |  |
|---|---|
| STATE OF TEXAS, *et al.*,  )<br>                                              )<br>    *Petitioners*,              )<br>                                              )<br>    v.                                     )<br>                                              )<br>UNITED STATES ENVIRONMENTAL  )<br>PROTECTION AGENCY, *et al.*,  )<br>                                              )<br>    *Respondents*.           )  | No. 24-1054 (consolidated with Nos. 24-1059; 24-1101; 24-1103) |

**INTERVENOR PETITIONER CONTINENTAL RESOURCES, INC.'S
NONBINDING STATEMENT OF ISSUES**

In accordance with this Court's Order issued April 19, 2024, Intervenor Petitioner Continental Resources, Inc. ("Continental Resources") challenges the legality of the United States Environmental Protection Agency's (EPA) rulemaking entitled "Standards of Performance for New, Reconstructed, and Modified Sources and Emissions Guidelines for Existing Sources: Oil and Natural Gas Sector Climate Review," published at 89 Fed. Reg. 16,820 (Mar. 8, 2024) (the "Final Rule"), and respectfully submits this non-binding statement of issues.

1

Continental Resources respectfully requests leave to participate in briefing in support of petitioners. Continental Resources remains the only Intervenor Petitioner in this matter, as well as the only individual industry operator to participate in these proceedings. Continental Resources will provide valuable insight to this Court on the legality of the Final Rule from the perspective of operators subject to the requirements of the Final Rule. Continental Resources will abide by this Circuit's Rules in any such briefing, including avoiding the repetition of facts or legal arguments made in principal briefs under Circuit Rule 28(d).

Continental Resources statement of issues which it may address in briefing is as follows:

1. Whether the Final Rule is arbitrary and capricious, an abuse of discretion, otherwise not in accordance with law, or is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, by enacting regulatory requirements which are currently impossible or infeasible for the regulated community to reasonably achieve;

2. Whether the Final Rule is arbitrary and capricious, an abuse of discretion, otherwise not in accordance with law, or is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, by incorrectly calculating emissions benefits of the Final Rule when in fact emissions benefits are

*de minimis* due to duplication of State regulations and by incorrectly calculating compliance costs of the Final Rule;

3. Whether the Final Rule is arbitrary and capricious, an abuse of discretion, otherwise not in accordance with law, or is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, because EPA failed to adequately demonstrate that the Best System of Emissions Reduction for emission sources subject to the Final Rule were achievable under the Clean Air Act ("CAA");

4. Whether the Final Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, by including source categories not originally included or contemplated in the listing of source categories as previously determined by the EPA under Section 111(b) of the CAA;

5. Whether the Final Rule is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, or is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, by not preparing or completing an independent endangerment finding for methane;

6. Whether the Final Rule is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, or is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, by not preparing or

completing an independent endangerment finding for the transmission and storage segment of oil and gas production;

7. Whether the Final Rule is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, or is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, by establishing binding and *de facto* standards that States are effectively forced to adopt in implementing their own plans to govern existing emission sources in violation of Section 111(d) of the CAA, 42 U.S.C. § 7411(d)

8. Whether the Final Rule is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, by establishing the "Super Emitter Program," which has no legal basis in the CAA; and,

9. Whether the Final Rule is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law because its Regulatory Impact Analysis relies upon the social cost of methane to impermissibly amplify the benefits of the Final Rule while understating the impacts of the Final Rule.

Dated: May 3, 2024

Respectfully submitted,

CONTINENTAL RESOURCES, INC.

<u>s/ Paul M. Seby</u>
Paul M. Seby
Greenberg Traurig, LLP
1144 15th Street, Suite 3300
Denver, CO 80202
Telephone: (303) 572-6584
Fax: (303) 572-6540
sebyp@gtlaw.com

***Counsel for Intervenor Petitioner Continental Resources, Inc.***

5

## CERTIFICATE OF SERVICE

I hereby certify that on this day, May 3, 2024, I filed the above document using the ECF system, which will automatically generate and send service to all registered attorneys participating in this case.

Dated: May 3, 2024

Respectfully submitted,

*s/ Paul M. Seby*
Paul M. Seby

***Counsel for Intervenor Petitioner Continental Resources, Inc.***