No. 24-1054
(and consolidated cases)

———————————————

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———————————————

STATE OF TEXAS, et al.,
Petitioners,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,
Respondents.

———————————————

On Petitions for Review of Final Action
by the United States Environmental Protection Agency

———————————————

**PROPOSED BRIEFING FORMAT AND SCHEDULE**

———————————————

Pursuant to this Court's July 9th and August 7th orders, ECF 2063762 & 2068905, all Petitioners, Petitioner-Intervenors, Respondents, and Respondent-Intervenors (collectively, "Parties") in the above-captioned consolidated petitions for review respectfully submit the following proposals for a briefing format and schedule. Although the Parties have engaged in discussions concerning the proposals included herein, they were not able to reach full consensus on either the briefing format or schedule. However, some groups of parties have reached agreement on some aspects of the proposed format or schedule. Accordingly, Part I below outlines the background for these proposals, including the different groups of parties. Part II sets forth Industry Petitioners' proposal on briefing format and schedule, which is joined by State Petitioners as to the proposed format. Part III below sets forth Respondents' proposal on briefing format and schedule, which is joined by State Petitioners as to the proposed schedule and is joined by State and Environmental Respondent-Intervenors as to both schedule and format. Part IV addresses the petition filed by Environmental Petitioners, which Environmental Petitioners and Respondents propose to sever and hold in abeyance for one year. Environmental Petitioners take no position on the briefing format and schedule for the remaining consolidated cases.

The Parties submit as follows:

## I. Background

These consolidated petitions seek review of a final rule entitled, "Standards of Performance for New, Reconstructed, and Modified Sources and Emissions Guidelines for Existing Sources: Oil and Natural Gas Sector Climate Review," 89 Fed. Reg. 16820 (March 8, 2024) ("Rule"). Ten petitions for review of the Rule have been filed and consolidated under lead case No. 24-1054. For purposes of this proposal, "State Petitioners" are petitioners in case numbers 24-1054 and 24-1059. "Industry Petitioners" are petitioners in case numbers 24-1101, -1103, -1111, -1114, -1115, -1116, and -1117. "Environmental Petitioners" are petitioners in case number 24-1118. A number of entities have also been granted permission to intervene. *See* ECF 2048635 ("Petitioner-Intervenor"), 2045479 ("State Respondent-Intervenors"), 2044639 ("Environmental Respondent-Intervenors"), and 2058306 & 2063043 ("Industry Respondent-Intervenors").

## II. Industry Petitioners' Proposed Briefing Schedule and Format

Industry Petitioners' proposed briefing schedule and format, as outlined below, is joined by State Petitioners only as to the briefing format. Intervenor Petitioner Continental Resources, Inc. joins the Industry Petitioners' proposed briefing schedule and format.

Industry Petitioners[1] respectfully request that the Court bifurcate this case into two parallel dockets as described below, with a first track of issues to proceed according to the schedule set by the Court and a second track held in abeyance pending ongoing administrative reconsideration.

Industry Petitioners filed seven separate petitions for review and have collectively identified numerous issues they may raise in this litigation. Under Section 307(b) of the Clean Air Act, Industry Petitioners were required to file petitions for review within 60 days of the Final Rule to preserve their ability to challenge all aspects of the Rule. 42 U.S.C. § 7607(b). Separately, several Industry Petitioners have asked EPA to reconsider multiple aspects of the Final Rule. EPA has granted reconsideration on—but has not decided—two of the issues raised in reconsideration petitions regarding: (1) vent gas net heating value monitoring and alternate sampling demonstration requirements for flares and enclosed combustion devices; and (2) temporary flaring provisions for associated gas in certain situations. EPA has acknowledged receipt of the other petitions for reconsideration and has engaged in initial discussion regarding some of the issues

---

[1] "Industry Petitioners" consist of American Petroleum Institute ("API"), the GPA Midstream Association, the Interstate Natural Gas Association of America, the American Exploration & Production Council, the Independent Petroleum Association of America, the Texas Oil and Gas Association, Miller Energy, and the Michigan Oil and Gas Association.

raised in those petitions. Thus, the remaining reconsideration requests remain

pending. If EPA follows the reconsideration process that it has followed in past

cases (including predecessors to the rules at issue here), it would be expected that

EPA will address many of those issues through further agency action and obviate

the need to present them to this Court. V Proceeding to briefing now on issues that

are subject to active reconsideration petitions would waste judicial and party

resources and would delay resolution of matters where a resolution could be

reached without the assistance of the Court.[2] Therefore, Industry Petitioners

request that the issues identified below proceed to judicial review while all

remaining issues be held in abeyance pending reconsideration. This is consistent

with EPA's agreement with the ENGO petitioners to hold their issues in abeyance.

The requested bifurcation would allow the first set of issues to proceed on a

normal schedule, while providing additional time for the agency and Industry

Petitioners to pursue a non-judicial resolution of the second set of issues, which

could prevent further consumption of this Court's resources. Bifurcation would

---

[2] The two issues on which EPA granted reconsideration do not define the full scope
of reconsideration actions EPA may take. Those two issues address elements of
the rule that were subject to short-term compliance deadlines, and they were the
subject of a separate, expedited petition for reconsideration in light of those
deadlines.

also allow the Court and the parties to immediately focus on a smaller universe of

issues, streamlining the briefing and decisional process.

| Issue |
|-------|
| 1. Whether the Final Rule unlawfully makes a Best System of Emissions Reductions determination for existing sources that limited the consideration of emissions guidelines to the same regulatory framework of new sources and failed to consider the diversity of oil and natural gas production operations in assessing cost effectiveness of its requirements. |
| 2. Whether the Final Rule's "no detectable emissions" standard for the control of emissions from closed vent systems is unlawful. |
| 3. Whether the Final Rule's definition of "modification" including as applied to storage vessels, is unlawful. |
| 4. Whether the Final Rule's definition of "legally and practicably enforceable," and its application of that definition, are unlawful. |
| 5. Whether the Final Rule's net heating value compliance demonstration requirements are unlawful, including because they are technically infeasible for many emission sources, unnecessary, and ignore feasible compliance demonstration alternatives. |
| 6. Whether the Final Rule's requirement to replace leaking valves with low-emission valves or low-emission valve packing is unlawful. |
| 7. Whether the Final Rule's determination that sources that commenced construction on or before December 6, 2022, are "existing" sources subject to Subpart OOOOc of the Final Rule violates the Clean Air Act. |
| 8. Whether the Final Rule's requirements for when a modification is deemed to occur at a process controller affected facility violates the Clean Air Act. |

| |
|---|
| 9. Whether the Final Rule's requirements for when a reconstruction is deemed to occur at a process controller affected facility violates the Clean Air Act. |
| 10. Whether the Final Rule is unlawful because of EPA's failure to perform a statutorily required cost benefit analysis and failure to adequately analyze the costs of the Final Rule, including but not limited to the financial impacts on marginal oil and gas well owners and operators. |
| 11. Whether the Final Rule is unlawful because EPA overstates the benefits of the Final Rule, including but not limited to EPA's improper reliance on purported global benefits of the Final Rule. |
| 12. Whether the Final Rule is unlawful because it categorizes well sites by equipment count rather than by throughput or emissions for the purposes of imposing monitoring and repair requirements. |
| 13. Whether the Final Rule is unlawful because EPA relied upon a flawed Best System of Emission Reduction analysis, including but not limited to relying upon erroneous emissions factors for pneumatic devices. |
| 14. Whether the Final Rule is unlawful because EPA relied upon a flawed BSER analysis, including but not limited to its inadequate method of accounting for the cost impacts of the proposed BSER as it relates to marginal wells. |
| 15. Whether the Final Rule is unlawful because it imposes unnecessary and infeasible requirements governing associated gas and combustion control monitoring. |
| 16. Whether the Final Rule is unlawful because it imposes more stringent Subpart OOOOb requirements on modified sources that nonetheless remain marginal wells. |
| 17. Whether the Final Rule is unlawful because it imposes unrealistic and infeasible compliance timelines on owners and operators of regulated sources. |

All other issues that do not appear in the above table should be placed on a separate docket and held in abeyance pending further administrative process. Notwithstanding the listed issues above, to preserve judicial resources and consistent with the treatment that EPA has provided for the ENGO petitioners' issues that are proposed to be placed in abeyance, the Texas Oil and Gas Association seeks abeyance for issues number 2, 4, 5, and 15 because it has filed a petition for reconsideration on those issues and the reconsideration process is not completed. If the Court nonetheless orders immediate briefing on these issues, TXOGA reserves the right to participate in litigating those issues.

For the docket not to be held in abeyance (i.e., those issues on which briefing would proceed now), Industry Petitioners respectfully request that the Court set the date for filing the opening brief on November 25, 2024. Industry Petitioners further request a combined 13,000 word opening brief and 6,500 word reply brief. Given the large number of Industry Petitioners, the requested timeframe and volume limits for briefing will facilitate Industry Petitioners consolidating their many arguments into a single brief, resulting in efficiencies and preservation of resources for the Court and the parties. It will also provide time for EPA to take action on the issues for which it has thus far granted reconsideration and time for Industry Petitioners to assess that action reasonably before filing an opening brief.

EPA's proposal for the schedule and size of Petitioners' briefs does not adequately address the complexities of this case and the number of parties. EPA proposes that all petitioners would be required to file a joint brief limited to 21,000 words. But the State Petitioners are coming to this case from a different perspective than the private Industry Petitioners. As regulators themselves, the States are focused on how the rule interacts with the federal and State government joint regulatory authorities; Industry Petitioners are focused on whether EPA appropriately imposed new regulatory requirements on regulated parties.

As for the timing and size of the briefs, this Court should set a deadline of November 25, 2024, for the Industry Petitioners to file one consolidated brief. That date accommodates the possibility that EPA will act in the interim on the two issues for which it has already granted administrative reconsideration, which could avoid the need to begin briefing those two issues. Industry Petitioners have been advocating action by EPA by November on those issues, which coincides with the deadline for making initial compliance demonstrations for relevant provisions under the Final Rule. The proposed schedule also allows additional time for the agency to consider other issues raised in the reconsideration petitions, which could further streamline this matter.

Industry Petitioners consist of almost thirty industry and trade groups representing all corners of the oil and gas production and refining industries.

There are more than a half-dozen groups of counsel representing these organizations. Consolidating this large and diverse group's many arguments into a single brief presents a difficult challenge requiring additional time and words. EPA proposes to give itself the same amount of time to articulate the response to those arguments of one government agency with one set of lawyers and one set of leaders and one singular perspective. The Industry Petitioners' request for an additional 29 days than the Government is proposing for the opening brief is appropriate to deal with these challenges of multi-party coordination and consolidation of arguments into a single document.

Industry Petitioners further propose that the time provided for filing subsequent briefs should be consistent with the intervals proposed by Respondent, with one exception. Industry Petitioners propose that the deadline for filing the Intervenor-Petitioner brief should be extended one week, until December 16, 2024, to accommodate personal time off during the Thanksgiving holiday.

| Petitioner briefs | Mon., Nov. 25, 2024 | 102 days from 8/15 | 13,000 words (Industry Petitioners) 13,000 words (State Petitioners) |
|---|---|---|---|
| P-I brief | Mon., Dec. 16, 2024 | 21 days after P briefs | 6,825 words |
| EPA brief | Fri., Feb. 14, 2025 | 81 days from P briefs | 26,000 words |
| R-I briefs | Fri., Feb. 28, 2025 | 14 days after EPA brief | 14,700 words (States/public interest) |

| Petitioner replies | Mon., Mar. 24, 2025 | 38 days after EPA brief | 6,500 words (Industry Petitioners) 6,500 words (State Petitioners) |
|---|---|---|---|
| P-I replies | Thurs., Apr. 3, 2025 | 10 days after P replies | 3,415 words |
| JA | Thurs., Apr. 10, 2025 | 7 days after P-I replies | |
| Final briefs | Thurs., Apr. 17, 2025 | 7 days after JA | |

The request for the full and standard Federal Rule of Appellate Procedure 13,000 word-limit for the Industry Petitioners' brief is also appropriate. *See* Fed. R. App. P. 32(a)(7)(B)(i). As demonstrated above, this is not a single-issue case. Taking the entire oil and gas industry's challenge to a rule spanning over 400 pages of the Federal Register into a standard single brief will be challenging. There is no reason to further compress the arguments as desired by the Government.

## III. Respondents' Proposed Briefing Schedule and Format

Respondents' proposed briefing schedule and format, as outlined below, is joined by State Petitioners only as to the briefing schedule, and by State and Environmental Respondent-Intervenors as to both schedule and format (with a minor adjustment). As further discussed in Part IV, this proposal does not provide for briefing of the challenge of Environmental Petitioners, Case Number 24-1118,

as those parties propose to sever and hold their challenge in abeyance for one year and Respondents join that proposal.

### A. Respondents' proposed format and schedule

Respondents propose the following briefing format and schedule:

| BRIEF | DEADLINE | FORMAT |
|---|---|---|
| State and Industry Petitioners' Opening Brief | October 25, 2024 | 21,000 words (no more than two briefs) |
| Petitioner-Intervenor's Brief | November 8, 2024 | 6,825 words |
| Respondents' Brief | January 14, 2025 | 21,000 words |
| State and Public-Interest Respondent-Intervenors' Brief | January 28, 2025 | 14,700 words[3] (no more than two briefs) |
| State and Industry Petitioners' Reply | February 21, 2025 | 10,500 words (no more than two briefs) |
| Petitioner-Intervenor's Reply | March 3, 2025 | 3,415 words |
| Joint Appendix | March 10, 2025 | |
| Final Form Briefs | March 17, 2025 | |

*Proposal on schedule*

Respondents' proposed schedule provides reasonable intervals for primary briefs in this matter: 71 days for State and Industry Petitioners and 81 days for Respondents. These intervals account for the number of parties coordinating briefing in this complex matter. Respondents' briefing interval takes further account of the fact that preparation of Respondents' brief will occur over both the Thanksgiving and winter holidays, and of the United States' need to coordinate

---

[3] As noted below in Part III.B, Respondent-Intervenors request that this be expanded to 19,477 words.

drafting and review through multiple levels of management at both EPA and the Department of Justice.

The remaining briefing intervals are reasonable as well. Under this proposed schedule, intervenors' briefs will be due 14 days after the primary brief they support to prevent duplication. And reply briefs are due 38 days after Respondents' brief, half the average briefing interval afforded for the parties' primary briefs.

By contrast, Industry Petitioners propose to delay the start of briefing. In conversations between the parties, they suggested this delay was to facilitate EPA's reconsideration of two issues on which the Agency has granted petitions for administrative reconsideration. But as noted below, EPA has proposed to sever and hold in abeyance litigation concerning the two issues for which administrative reconsideration is proceeding. There is no reason to generally delay briefing of challenges to the Rule when the two issues in reconsideration are narrow and discrete and may be severed without disrupting the remainder of this litigation. Industry's proposal would also delay argument in this case until Fall of 2025, whereas Respondents' proposal would allow for Spring argument and a prompt resolution of this case.

*Proposal on format*

Respondents' proposed briefing format is also reasonable and takes account of the Court's admonition that it "looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief." ECF 2063762. While the word limits proposed by Respondents do exceed those of a single standard-length brief, they provide a limited additional word count to reflect the additional complexity of the matters addressed in this Rule. Opening briefs of 21,000 words also accord with recent orders of this Court establishing briefing schedules in comparable EPA cases. *See Kentucky v. EPA* (D.C. Cir. 24-1087 et al.) (21,000 words total for state and industry petitioners); *Western States Trucking Association, Inc. v. EPA* (D.C. Cir. 23- 1143 et al.) (18,900 words total for state and industry petitioners).

While the Court recently afforded slightly larger word counts in litigation over EPA standards for power plants, that litigation encompasses nearly twice as many petitions (17 petitions) as those being litigated here (9 petitions, excluding Environmental Petitioners' challenge, which they propose to put in abeyance). *See* Docket, *West Virginia v. EPA* (D.C. Cir. No. 24-1120). The briefing order in *Kentucky* is thus a better analog here, as it concerned 8 petitions from both States

and diverse industry interests (e.g., trucking associations, oil and gas interests, agricultural interests, and others).

Respondents also propose replies equivalent to 50 percent of the opening briefs, and briefs for Respondent-Intervenors equivalent to 70 percent of the opening briefs to which they are responding. These proportions accord to Federal Rule of Appellate Procedure 32(a)(7) and the D.C. Circuit Rule 32(e)(2). While Respondents' proposed word count for Petitioner-Intervenor Continental Resources' brief is less than the typical word count for a solo intervenor, it is more than generous under the circumstances. Continental Resources is a "top ten oil producer in the U.S." ECF 2048635 at 3. It justified its intervention in the State of Texas's petition on the basis that its interests were not adequately represented by the State entities that had filed petitions and that intervention was necessary to represent the "industry perspective" in this action. *Id.* at 10-11. At that time, the only petitioners in the case were States. But after Continental's intervention was granted on April 19th, ECF 2050337, seven petitions were filed by industry parties with interests that align with those of Petitioner-Intervenor Continental. There is thus no evident need for Continental to have *any* separate briefing in this matter. As such, Respondents' proposal for a shortened Petitioner-Intervenor brief is not only reasonable but generous.

### B. State and Public-Interest Respondent-Intervenors' justification for separate briefing and a different word allowance

Respondent-Intervenors include two distinct sets of entities: a coalition of States, Commonwealths, and the District of Columbia ("State Respondent-Intervenors")[4] and a coalition of environmental and public health organizations ("Environmental Respondent-Intervenors").[5]

State and Environmental Respondent-Intervenors support Respondent's proposed briefing schedule and format (with one minor adjustment). However, States and Environmental Respondent-Intervenors respectfully request leave to file separate briefs. Respondent-Intervenors will avoid duplication of briefing, but have distinct perspectives and are not able to commit to joint briefing at this time. This Court ordinarily does not compel governmental intervenors to file joint briefs with other intervenors, D.C. Cir. R. 28(d)(4), and there is no reason to depart from that sound practice here.

---

[4] State Intervenors include California, Colorado, Connecticut, Delaware, Illinois, Maine, Maryland, the Commonwealth of Massachusetts, Michigan, New Jersey, New York, New Mexico, North Carolina, Oregon, the Commonwealth of Pennsylvania, Rhode Island, Vermont, Washington, Wisconsin, and the District of Columbia.

[5] Environmental Intervenors include Environmental Defense Fund, Earthworks, Natural Resources Defense Council, Clean Air Council, Dakota Resource Council, Fort Berthold Protectors of Water & Earth Rights, GreenLatinos, Sierra Club, Environmental Law & Policy Center, Center for Biological Diversity, and Food & Water Watch.

Respondent-Intervenors further respectfully request a different word allowance for Respondent-Intervenors consistent with the ratio set forth in this Court's rules. Accordingly, Respondent-Intervenors propose a collective word count equivalent to 70% of the words allotted to Petitioners and Petitioner-Intervenor. *Compare* Fed. R. App. P. 32(a)(7)(B)(i) *with* D.C. Cir. R. 32(e)(2)(b) (70% ratio). Petitioner-Intervenor's interests are aligned with Petitioners, as evidenced by the stay motion briefing and statement of issues submitted in this matter; therefore, Respondent-Intervenors will need to respond to Petitioner-Intervenor's arguments just as they will need to respond to Petitioners'. And if Petitioner-Intervenor's arguments or perspectives justify a distinct word allocation, they also warrant a proportional word increase for Respondent-Intervenors. Respondent-Intervenors therefore respectfully request 19,477 words collectively.

### C.     Proposal on matters to be severed

On May 6, 2024, EPA granted petitions for administrative reconsideration of two narrow aspects of the Rule[6]:

*(1) vent gas net heating value (NHV) monitoring and alternate sampling demonstration requirements for flares and enclosed combustion devices;* and

---

[6] The letter granting administrative reconsideration is available here: https://www.epa.gov/system/files/documents/2024-05/letter-to-api-and-apx.-5.6.24-signed_1.pdf.

*(2) temporary flaring provisions for associated gas in certain situations.*

As the regulatory provisions for these two aspects of the Rule might change after the conclusion of reconsideration, such that challenges to these portions of the Rule might change or become moot, Respondents propose that the Court sever, place in a new docket, and hold in abeyance challenges to these two narrow aspects of the Rule. Severance and abeyance would be in the interest of judicial efficiency by preventing premature litigation of issues with respect to which the Agency has announced its intent to reconsider and potentially revise the Rule. Severance and abeyance of these two issues would also not be prejudicial here, as these issues are narrow and discrete, and are not necessary to the resolution of other challenges being litigated here. As such, they can be clearly severed without disrupting the remaining litigation.

State and Industry Petitioners have not consented to severance and abeyance of these two issues. Per their communications with all parties, they propose instead to bifurcate this case, litigate a list of designated issues, and sever and hold in abeyance all other issues referenced in their reconsideration petitions (the latest of which was submitted just last week, on August 9th). But their proposal is not viable here. As a preliminary matter, holding in abeyance a broad (and growing) swath of issues on which the Agency has *not* announced an intent to reconsider would needlessly prolong litigation, and thus uncertainty, concerning the Rule.

EPA may ultimately opt not to reconsider any of those issues, so – unlike the two issues noted above where EPA has already granted reconsideration – severance and abeyance would not necessarily narrow issues in this case.

In addition, although these Petitioners presented the parties with a list of general issues they intend to *litigate*, they would not provide the United States with the list of specific issues they believe would be covered by a severance and abeyance order. In fact, they conceded that some issues they intend to litigate now were also raised in their reconsideration petitions. The lack of clarity makes bifurcation untenable here. The United States has been unable to review and consider whether the issues State and Industry Petitioners propose to hold in abeyance are genuinely segregable from those they propose to litigate now. Indeed, as the list of issues Petitioners propose to litigate now includes general "arbitrary and capricious" challenges to broad segments of the Rule, it is difficult to see how those proposed issues would be genuinely discrete from the far-ranging issues populating their petitions for administrative reconsideration.

The absence of clear, and commonly understood, delineations between issues being litigated and issues being severed risks muddying the final resolution of issues raised in this litigation and, at a minimum, invites future disputes between the Parties over the scope of the present litigation. It also raises the possibility that bifurcation will allow Petitioners to raise the same challenges twice, first generally

and later specifically.  As such, Petitioners' proposal is both at odds with judicial efficiency and potentially prejudicial to the United States.

Accordingly, this Court should order the parties to brief here all challenges they wish to bring against the Rule, save arguments related to the two discrete issues above on which EPA has announced its intention to reconsider the Rule. Those two issues should be severed and placed into a new docket where they can be held in abeyance until EPA concludes administrative reconsideration.

## IV.   Proposed Abeyance of *Air Alliance Houston v. EPA* (No. 24-1118)

Case number 24-1118, *Air Alliance Houston, et al. v. EPA, et al.*, was consolidated with the above-captioned cases on May 8, 2024.  ECF 2053375.  Environmental Petitioners who brought that suit have sought administrative reconsideration of certain matters in the Rule that overlap with issues they would raise in their suit.  Environmental Petitioners have now proposed to sever their petition and hold litigation over that petition, and all challenges therein, in abeyance for one year – until August 15, 2025 – to allow Environmental Petitioners and Respondents to continue discussions and potentially open further administrative proceedings concerning those issues.  The United States joins that request.   Environmental Petitioners and Respondents further propose that motions to govern further proceedings be due within 30 days of either the expiration of the one-year abeyance or a notice by the parties of the publication in the Federal

Register of an EPA action resolving Environmental Petitioners' request for administrative reconsideration, should EPA take action before the one-year abeyance expires.

Severance and time-limited abeyance of this petition for review is in the interest of judicial efficiency as it may allow for an administrative resolution of issues and may, in fact, prevent the need for litigation altogether. Unlike the partial severance of (poorly defined) issues proposed by Industry Petitioners, the proposed severance of Case No. 24-1118 in its entirety will clearly defer litigation of all issues that might be raised by Environmental Petitioners. Moreover, only Environmental Petitioners are challenging the Rule as insufficiently stringent, so the arguments they plan to advance will not be raised by any other petitioner and so can be easily and clearly segregated from the rest of this case. As such, Environmental Petitioners' and Respondents' joint request for severance and abeyance of Case No. 24-1118 does not present the same concerns as Industry Petitioners' severance proposal discussed above, and should be granted.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Andrew S. Coghlan*
CHLOE H. KOLMAN
BRIAN H. LYNK
ANDREW S. COGHLAN

TSUKI HOSHIJIMA
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-9277 (Kolman)
(202) 514-6187 (Lynk)
(202) 532-3252 (Coghlan)
(202) 532-3285 (Hoshijima)
chloe.kolman@usdoj.gov
brian.lynk@usdoj.gov
andrew.coghlan@usdoj.gov
tsuki.hoshijima@usdoj.gov

*Counsel for Respondents*

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KELLIE E. BILLINGS-RAY
Chief, Environmental Protection Division

*/s/ John R. Hulme*
JOHN R. HULME
Assistant Attorney General
D.C. Circuit Bar No. 61943
John.Hulme@oag.texas.gov

WESLEY S. WILLIAMS
Assistant Attorney General
D.C. Circuit Bar No. 63716

Wesley.Williams@oag.texas.gov

Office of the Attorney General
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
(512) 463-2012 | Fax: (512) 320-0911

*Counsel for Petitioners the State of Texas,
Railroad Commission of Texas, and the
Texas Commission on Environmental
Quality*

GENTNER DRUMMOND
 ATTORNEY GENERAL

*/s/ Garry M. Gaskins, II*
Garry M. Gaskins, II
 *Solicitor General*
Jennifer L. Lewis
 *Deputy Attorney General*

Office of the Attorney General of
Oklahoma
313 NE Twenty-First St.
Oklahoma City, OK 73105
(405) 521-3921
garry.gaskins@oag.ok.gov
jennifer.lewis@oag.ok.gov

*Counsel for State of Oklahoma*

PATRICK MORRISEY
 ATTORNEY GENERAL

*/s/ Michael R. Williams*
Michael R. Williams
 *Solicitor General*
Frankie A. Dame
 *Assistant Solicitor General*

Office of the Attorney General of West
Virginia
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25301
(304) 558-2021
michael.r.williams@wvago.gov

*Counsel for State of West Virginia*

TIM GRIFFIN
  ATTORNEY GENERAL

/s/ *Nicholas J. Bronni*
Nicholas J. Bronni
  *Solicitor General*
Dylan Jacobs
  *Deputy Solicitor General*
Office of the Arkansas Attorney
General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-2007
Nicholas.Bronni@ArkansasAG.gov
Dylan.Jacobs@ArkansasAG.gov

*Counsel for State of Arkansas*
TREG TAYLOR
  ATTORNEY GENERAL

/s/ *Garrison Todd*
Garrison Todd
  *Assistant Attorney General*
Alaska Department of Law
1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
(907) 269-5100
garrison.todd@alaska.gov

*Counsel for State of Alaska*

STEVE MARSHALL
  ATTORNEY GENERAL

/s/ *Edmund G. LaCour Jr.*
Edmund G. LaCour Jr.
  *Solicitor General*
Office of the Attorney General of
Alabama
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov

*Counsel for State of Alabama*
ASHLEY MOODY
  ATTORNEY GENERAL

/s/ *Ashley Moody*
Henry C. Whitaker
  *Solicitor General*
James H. Percival
  *Chief of Staff*
Office of the Attorney General of
Florida
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
henry.whitaker@myfloridalegal.com
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

CHRISTOPHER M. CARR
  ATTORNEY GENERAL

/s/ *Stephen J. Petrany*
Stephen J. Petrany
  *Solicitor General*
Office of the Attorney General of
Georgia
40 Capitol Square, SW
Atlanta, GA 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for State of Georgia*


THEODORE E. ROKITA
  ATTORNEY GENERAL

/s/ *James A. Barta*
James A. Barta
  *Solicitor General*
Office of the Attorney General of
Indiana
302 W. Washington St.
Indianapolis, IN 46204
(317) 232-0709
James.Barta@atg.in.gov

*Counsel for State of Indiana*

RAÚL R. LABRADOR
  ATTORNEY GENERAL

/s/ *Joshua N. Turner*
Joshua N. Turner
  *Chief of Constitutional Litigation and
  Policy*
Alan M. Hurst
  *Solicitor General*
Office of the Idaho Attorney General
P.O. Box 83720
Boise, Idaho 83720
(208) 334-2400
Josh.Turner@ag.idaho.gov
Alan.Hurst@ag.idaho.gov

*Counsel for State of Idaho*

BRENNA BIRD
  ATTORNEY GENERAL

/s/ *Eric H. Wessan*
Eric H. Wessan
  *Solicitor General*
Office of the Attorney General of
Iowa
1305 E. Walnut Street
Des Moines, IA 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for State of Iowa*

KRIS KOBACH
  ATTORNEY GENERAL

/s/ *Anthony J. Powell*
Anthony J. Powell
  *Solicitor General*
Kansas Attorney General's Office
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8539
anthony.powell@ag.ks.gov

*Counsel for State of Kansas*

LIZ MURRILL
  ATTORNEY GENERAL

/s/ *J. Scott St. John*
J. Scott St. John
  *Deputy Solicitor General*
Tracy Short
  *Assistant Attorney General*
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
(225) 326-6766
stjohnj@ag.louisiana.gov
shortt@ag.louisiana.gov

*Counsel for State of Louisiana*

RUSSELL COLEMAN
  ATTORNEY GENERAL

/s/ *Matthew F. Kuhn*
Matthew F. Kuhn
  *Solicitor General*
Office of Kentucky Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601
(502) 696-5300
Matt.Kuhn@ky.gov

*Counsel for the Commonwealth of Kentucky*

LYNN FITCH
  ATTORNEY GENERAL

/s/ *Justin L. Matheny*
Justin L. Matheny
  *Deputy Solicitor General*
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS 39205-0220
(601) 359-3825
justin.matheny@ago.ms.gov

*Counsel for State of Mississippi*

ANDREW BAILEY
  ATTORNEY GENERAL

/s/ *Joshua M. Divine*
Joshua M. Divine
  *Solicitor General*
Samuel C. Freedlund
  *Deputy Solicitor General*
Missouri Attorney General's Office
207 West High St.
Jefferson City, MO 65101
(573) 751-8870
Josh.Divine@ago.mo.gov
Samuel.Freedlund@ago.mo.gov

*Counsel for State of Missouri*
MICHAEL T. HILGERS
  ATTORNEY GENERAL

/s/*Grant D. Strobl*
Grant D. Strobl
  *Assistant Solicitor General*
Office of the Attorney General of
Nebraska
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
Grant.Strobl@nebraska.gov

*Counsel for State of Nebraska*

AUSTIN KNUDSEN
  ATTORNEY GENERAL

/s/ *Christian B. Corrigan*
Christian B. Corrigan
  *Solicitor General*

Montana Department of Justice
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
(406) 444-2026
christian.corrigan@mt.gov

*Counsel for State of Montana*

DREW H.WRIGLEY
  ATTORNEY GENERAL

/s/ *Philip Axt*
Philip Axt
  *Solicitor General*
Office of Attorney General of
North Dakota
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
(701) 328-2210
pjaxt@nd.gov

*Counsel for State of North Dakota*

DAVE YOST
  ATTORNEY GENERAL

/s/ *T. Elliot Gaiser*
T. Elliot Gaiser*
 *Solicitor General*
 *Counsel of record*
Mathura J. Sridharan
 *Deputy Solicitor General*
Ohio Attorney General's Office
30 E. Broad St., 17th Floor
Columbus, OH 43215
(614) 466-8980
Thomas.Gaiser@OhioAGO.gov

*Counsel for State of Ohio*

JONATHAN SKRMETTI
    ATTORNEY GENERAL AND
    REPORTER

/s/ *Steven J. Griffin*
Steven J. Griffin
  *Senior Counsel for Strategic
  Litigation and Assistant
  Solicitor General*
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202
(615) 741-3491
Steven.Griffin@ag.tn.gov

*Counsel for State of Tennessee*

ALAN WILSON
  ATTORNEY GENERAL

Robert D. Cook
  *Solicitor General*
J. Emory Smith, Jr.
  *Deputy Solicitor General*
Thomas T. Hydrick
  *Assistant Deputy Solicitor General*

/s/ *Joseph D. Spate*
Joseph D. Spate
  *Assistant Deputy Solicitor General*
Office of the Attorney General of
South Carolina
1000 Assembly Street
Columbia, SC 29201
(803) 734-3371
josephspate@scag.gov

*Counsel for State of South Carolina*
SEAN D. REYES
  ATTORNEY GENERAL

/s/ *Christopher A. Bates*
Christopher A. Bates
  *Deputy Solicitor General*
Utah Attorney General's Office
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
chrisbates@agutah.gov

*Counsel for State of Utah*

JASON S. MIYARES
 ATTORNEY GENERAL

/s/ Kevin M. Gallagher
Kevin M. Gallagher
 *Principal Deputy Solicitor General*
Virginia Attorney General's Office
202 North 9th Street
Richmond, VA 23219
(804) 786-2071
kgallagher@oag.state.va.us


*Counsel for Commonwealth of Virginia*
ARIZONA LEGISLATURE

WARREN PETERSEN
PRESIDENT OF THE ARIZONA
STATE SENATE

By counsel:

/s/ Brunn (Beau) W. Roysden III
Brunn (Beau) W. Roysden III
(DC Cir. Bar No. 64493)
FUSION LAW, PLLC
7600 N. 15th St., Suite 150
Phoenix, Arizona 85020
beau@fusion.law
(602) 315-7545

*Counsel for President of the Arizona State Senate Warren Petersen*

BRIDGET HILL
 ATTORNEY GENERAL

/s/ D. David DeWald
D. David DeWald
 *Deputy Attorney General*
Office of the Attorney General of Wyoming
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895
david.dewald@wyo.gov

*Counsel for State of Wyoming*

BEN TOMA
SPEAKER OF THE ARIZONA
HOUSE OF REPRESENTATIVES

By counsel:

/s/ Brunn (Beau) W. Roysden III
Brunn (Beau) W. Roysden III
(DC Cir. Bar No. 64493)
FUSION LAW, PLLC
7600 N. 15th St., Suite 150
Phoenix, Arizona 85020
beau@fusion.law
(602) 315-7545

*Counsel for Speaker of the Arizona House of Representatives Ben Toma*

/s/ Paul M. Seby
Paul M. Seby
Greenberg Traurig, LLP
1144 15th Street Suite 3300
Denver, CO 80202
Tel.: (303) 572-6584
Fax: (303) 572-6540
sebyp@gtlaw.com

*Counsel for Petitioner-Intervenor
Continental Resources, Inc.*

/s/ Zachary C. Larsen
Zachary C. Larsen
Clark Hill PLC
215 South Washington Square
Suite 200
Lansing, MI 48933
(517) 318-3053
zlarsen@clarkhill.com

Anthony P. Campau
Clark Hill PLC
1001 Pennsylvania Ave., N.W.,
Suite 1300 South
Washington, D.C. 20004
(202) 572-8664
acampau@clarkhill.com

*Counsel for MOGA Petitioners*

/s/ Samuel Boxerman
Samuel B. Boxerman
James R. Wedeking
SIDLEY AUSTIN LLP
1501 K. Street, NW
Washington, DC 20005
+1 202 736 8000
sboxerman@sidley.com
jwedeking@sidley.com

*Attorneys for GPA Midstream
Association*

/s/ Allison D. Wood
Allison D. Wood
Makram B. Jaber
MCGUIRE WOODS LLP
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
(202) 857-1700
awood@mcguirewoods.com
mjaber@mcguirewoods.com

*Counsel for Interstate Natural Gas
Association of America*

/s/ Michael J. Edney
Michael J. Edney
Matthew Z. Leopold
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 778-2204
medney@huntonak.com
mleopold@huntonak.com

William L. Wehrum
Wehrum Environmental Law LLP
1629 K Street, NW, Suite 300
Washington, D.C. 20006
(302) 300-0388
William_Wehrum@comcast.net

*Counsel for Petitioner the American Petroleum Institute*

/s/ John H. Bernetich
John H. Bernetich
Jennifer L. Biever
Williams Weese Pepple & Ferguson, PC
1801 California Street, Suite 3400
Denver, CO 80202
Phone: 303-861-2828
Fax: 303-861-4017
E-mail:
jbernetich@williamsweese.com
jbiever@williamsweese.com

*Attorneys for Petitioner and Respondent-Intervenor American Exploration & Production Council*

_/s/ Patton Dycus_
Patton Dycus
Environmental Integrity Project
919 Millworks Way
Bozeman, MT 59715
(404) 446-6661
pdycus@environmentalintegrity.org

_Counsel for Petitioners Air Alliance
Houston, Clean Air Council, and
Environmental Integrity
Project_

_/s/ Rosalie Winn_
Grace Smith
Edwin LaMair
Rosalie Winn
Peter Zalzal
Vickie Patton
Environmental Defense Fund
2060 Broadway, Ste. 300
Boulder, CO 80302
(303) 447-7212
gsmith@edf.org
elamair@edf.org
rwinn@edf.org
pzalzal@edf.org
vpatton@edf.org

Sean H. Donahue
Keri Davidson
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, D.C. 20003
(202) 277-7085
sean@donahuegoldberg.com
keri@donahuegoldberg.com

_Counsel for Environmental Defense
Fund_

*/s/ Darin Schroeder*
Darin Schroeder
Francis W. Sturges, Jr.
Mary Sasso
Clean Air Task Force
114 State St., 6th Floor
Boston, MA 02109
(617) 624-0234
dschroeder@catf.us
fsturges@catf.us
msasso@catf.us

*Counsel for Earthworks*

*/s/ Andres Restrepo*
Andres Restrepo
Sierra Club
50 F St., NW, Eighth Floor
Washington, DC 20001
(415) 977-5725
Andres.Restrepo@sierraclub.org

*/s/ Joanne Spalding*
Joanne Marie Spalding
Sierra Club
2101 Webster St., Ste. 1300
Oakland, CA 94612
(415) 977-5725
Joanne.Spalding@sierraclub.org

*Counsel for Sierra Club*

*/s/ David Doniger*
David Doniger
Natural Resources Defense
Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
(202) 321-3435
ddoniger@nrdc.org

*Counsel for Natural Resources
Defense Council*

*/s/ Margaret A. Coulter*
Margaret A. Coulter
Jason C. Rylander
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, DC 20005
(202) 961-4820
mcoulter@biologicaldiversity.org
jrylander@biologicaldiversity.org

*Counsel for Center for Biological
Diversity*

/s/ Alexandra O. Schluntz
Alexandra O. Schluntz
Earthjustice
633 17th Street #1600
Denver, CO 80202
(303) 996-9612
aschluntz@earthjustice.org

*Counsel for Clean Air Council, Dakota Resource Council, Fort Berthold Protectors of Water & Earth Rights, and GreenLatinos*

/s/ Howard A. Learner
Howard A. Learner
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500
HLearner@elpc.org

*Counsel for Environmental Law & Policy Center*

/s/ Erin E. Doran
Erin E. Doran
Food & Water Watch
1616 P Street, NW, Suite 300
Washington, D.C. 20036
(202) 683-2451
edoran@fwwatch.org

*Counsel for Food & Water Watch*

FOR THE STATE OF
CALIFORNIA

ROB BONTA
Attorney General

*/s/ Kavita Lesser*
TRACY L. WINSOR
Senior Assistant Attorney General
DENNIS L. BECK, JR.
Sup. Deputy Attorney General
KAVITA LESSER
KATHERINE GAUMOND
Deputy Attorneys General
 300 S. Spring Street
 Los Angeles, CA 90013
Telephone: (213) 269-6605
Email: Kavita.Lesser @doj.ca.gov
*Attorneys for Respondent-*
*Intervenor the State of California*

FOR THE STATE OF
CONNECTICUT

WILLIAM TONG
Attorney General

*/s/ Jill Lacedonia*
Matthew I. Levine
Deputy Associate Attorney General
Jill Lacedonia
Assistant Attorney General
Connecticut Office of the
Attorney General
165 Capitol Avenue
Hartford, Connecticut 06106
(860) 808-5250
jill.lacedonia@ct.gov
*Attorneys for Respondent-*
*Intervenor the State of Connecticut*

FOR THE STATE OF
COLORADO

PHILIP J. WEISER
Attorney General

*/s/ David A. Beckstrom*
David A. Beckstrom
Second Assistant Attorney General
Natural Resources and
Environment Section
Ralph C. Carr Colorado
Judicial Center
1300 Broadway, Seventh Floor
Denver, Colorado 80203
(720) 508-6306
david.beckstrom@coag.gov
*Attorneys for Respondent-*
*Intervenor the State of Colorado*

FOR THE STATE OF
DELAWARE

KATHLEEN JENNINGS
Attorney General

*/s/ Vanessa L. Kassab*
Christian Douglas Wright
Director of Impact Litigation
Ralph K. Durstein III
Vanessa L. Kassab
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov
*Attorneys for Respondent-*
*Intervenor the State of Delaware*

FOR THE STATE OF ILLINOIS

KWAME RAOUL
Attorney General

*/s/ Jason E. James*
Matthew J. Dunn
Division Chief,
Environmental/Asbestos
Enforcement Division
Jason E. James
Assistant Attorney General
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
(872) 276-3583
jason.james@ilag.gov
*Attorneys for Respondent-
Intervenor the State of Illinois*

FOR THE STATE OF MAINE

AARON M. FREY
Attorney General

*/s/ Emma Akrawi*
Emma Akrawi
Assistant Attorney General
Natural Resources Division
6 State House Station
Augusta, ME  04333-0006
(207) 626-8800
emma.akrawi@maine.gov
*Attorneys for Respondent-
Intervenor the State of Maine*

FOR THE STATE OF
MARYLAND

ANTHONY G. BROWN
Attorney General

*/s/ Steven J. Goldstein*
Steven J. Goldstein
Special Assistant Attorney General
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
(410) 576-6414
sgoldstein@oag.state.md.us
*Attorneys for Respondent-
Intervenor the State of Maryland*

FOR THE PEOPLE OF THE
STATE OF MICHIGAN

*/s/ Elizabeth Morrisseau*
Elizabeth Morrisseau
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
6th Floor G. Mennen
Williams Building
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
morrisseaue@michigan.gov
*Attorneys for Respondent-
Intervenor the People of the State of
Michigan*

FOR THE COMMONWEALTH
OF MASSACHUSETTS

ANDREA JOY CAMPBELL
Attorney General

*/s/ Turner Smith*
Turner Smith
Assistant Attorney General &
Deputy Bureau Chief
Julia Jonas-Day
Assistant Attorney General for
Climate Change
Energy & Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
(617) 727-2200
turner.smith@mass.gov
*Attorneys for Respondent-*
*Intervenor the Commonwealth of*
*Massachusetts*

FOR THE STATE OF NEW
JERSEY

MATTHEW J. PLATKIN
Attorney General

*/s/ Lisa J. Morelli*
Lisa J. Morelli
Deputy Attorney General
New Jersey Division of Law
25 Market Street
Trenton, New Jersey 08625
(609) 376-2740
Lisa.Morelli@law.njoag.gov
*Attorneys for Respondent-*
*Intervenor the State of New Jersey*

FOR THE STATE OF NEW
MEXICO

RAÚL TORREZ
Attorney General

*/s/ William Grantham*
William Grantham
Assistant Attorney General
408 Galisteo Street
Santa Fe, NM 87501
(505) 717-3520
wgrantham@nmag.gov
*Attorneys for Respondent-*
*Intervenor the State of New Mexico*

FOR THE STATE OF NEW
YORK

LETITIA JAMES
Attorney General

*/s/ Morgan A. Costello*
Morgan A. Costello
Chief, Affirmative Litigation
Michael J. Myers
Senior Counsel
Environmental Protection Bureau
Judith N. Vale
Deputy Solicitor General
The Capitol
Albany, New York 12224
(518) 776-2392
morgan.costello@ag.ny.gov
*Attorneys for Respondent-*
*Intervenor the State of New York*

FOR THE STATE OF NORTH
CAROLINA

JOSHUA H. STEIN
Attorney General

*/s/ Asher P. Spiller*
Asher P. Spiller
Special Deputy Attorney General
Daniel S. Hirschman
Senior Deputy Attorney General
Taylor H. Crabtree
Assistant Attorney General
North Carolina Dept. of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6400
aspiller@ncdoj.gov
*Attorneys for Respondent-
Intervenor the State of North
Carolina*

FOR THE STATE OF OREGON

ELLEN F. ROSENBLUM
Attorney General

*/s/ Paul Garrahan*
Paul Garrahan
Attorney-in-Charge
Steve Novick
Special Assistant Attorney General
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
(971) 719-1377
Paul.Garrahan@doj.oregon.gov
*Attorneys for Respondent-
Intervenor the State of Oregon*

FOR THE COMMONWEALTH
OF PENNSYLVANIA

MICHELLE A. HENRY
Attorney General

*/s/ Ann R. Johnston*
Ann R. Johnston
Assistant Chief Deputy
Attorney General
Civil Environmental
Enforcement Unit
Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, Pennsylvania 17120
(717) 497-3678
ajohnston@attorneygeneral.gov
*Attorneys for Respondent-
Intervenor the Commonwealth of
Pennsylvania*

FOR THE STATE OF RHODE
ISLAND

PETER F. NERONHA
Attorney General

*/s/ Alison Hoffman Carney*
Alison Hoffman Carney
Assistant Attorney General
Chief, Environment and
Energy Unit
Rhode Island Office of the
Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 ext. 2116
acarney@riag.ri.gov
*Attorneys for Respondent-
Intervenor the State of Rhode Island*

FOR THE STATE OF VERMONT

CHARITY R. CLARK
Attorney General

/s/ Melanie Kehne
Melanie Kehne
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
melanie.kehne@vermont.gov
*Attorneys for Respondent-*
*Intervenor the State of Vermont*

FOR THE STATE OF
WASHINGTON

ROBERT W. FERGUSON
Attorney General

/s/ Caroline E. Cress
Caroline E. Cress
Christopher H. Reitz
Assistant Attorneys General
Office of the Attorney General
P.O. Box 40117
Olympia, Washington 98504-0117
(360) 586-6770
caroline.cress@atg.wa.gov
*Attorneys for Respondent-*
*Intervenor the State of Washington*

FOR THE STATE OF
WISCONSIN

JOSHUA L. KAUL
Attorney General

/s/ Bradley J. Motl
Bradley J. Motl
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-0505
motlbj@doj.state.wi.us
*Attorneys for Respondent-*
*Intervenor the State of Wisconsin*

FOR THE DISTRICT OF
COLUMBIA

BRIAN L. SCHWALB
Attorney General

/s/ Caroline S. Van Zile
Caroline S. Van Zile
Solicitor General
Office of the Attorney General for
the District of Columbia
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 724-6609
caroline.vanzile@dc.gov
*Attorneys for Respondent-*
*Intervenor the District of Columbia*

**Certificates of Compliance and Service**

I certify that this filing complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this filing complies with Fed. R. App. P. 27(d)(2), because by Microsoft Word's count, it has 4,324 words, excluding the parts exempted under Fed. R. App. P. 32(f).

And I certify that on August 15, 2024, I filed the foregoing with the Court's CMS/ECF system, which will notify each party.

Respectfully submitted,

*/s/ Andrew S. Coghlan*
ANDREW S. COGHLAN